**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Faramarz TAGHILOU aka Gary Taghilou aka Frank Taghilou**
Defendant–Appellant.

No. 00–50400.
D.C. CR–98–01183–SVW–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided March 2, 2001.

Before PREGERSON, CANBY, and DAVID R. THOMPSON, Circuit Judges.

MEMORANDUM *

Farmarez Taghilou appeals his conviction and sentence for bankruptcy fraud in violation of 18 U.S.C. § 152(1) and knowingly making a material false statement under penalty of perjury in violation of 28 U.S.C. § 1746. Taghilou filed a bankruptcy petition in which he failed to disclose his ownership of a twin-engine Cessna aircraft. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Taghilou contends the district court erred by permitting the government to call his bankruptcy attorney, Colette Jolicoeur, as a witness during its case-in-chief. We disagree. During a pretrial hearing, Taghilou represented that he intended to assert an affirmative defense blaming Ms. Jolicoeur for failing to disclose the airplane. The district court did not err by then determining that this defense would

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

constitute a waiver of the attorney-client privilege. *See United States v. Amlani,* 169 F.3d 1189, 1195 (9th Cir.1999); *Tennenbaum v. Deloitte & Touche,* 77 F.3d 337, 341 n. 4 (9th Cir.1996). Thereafter, during voir dire, Taghilou's trial counsel reiterated his intention to present such a defense. When the government presented Ms. Jolicoeur as a witness in its case-in-chief, Taghilou's trial counsel made no objection. The district court had no obligation, *sua sponte,* to preclude Ms. Jolicoeur from testifying without another waiver of the attorney-client privilege. There was no error, much less plain error.

█ Nor did the district court clearly err by imposing a four-level increase pursuant to USSG § 2F1.1(b)(1)(E). Taghilou had an equity in the airplane in excess of $20,000, based on the airplane's estimated retail value of $60,250 and an outstanding mortgage loan balance of approximately $38,000.

AFFIRMED.